# BALTIMORE CITY COURT.

Filed March 29, 1927.

H. G. FISCHER & COMPANY, A CORPORATION, VS.

DR. S. COLE BOWERS.

*J. Louis Raap* and *William S. Thomas* for complainant.

*W. Carroll Hunter* for defendant.

FRANK, J.—

By retaking the chattels involved the plaintiff elected to terminate the lease. His right to do so was dependent upon the default of the defendant in not paying the very notes sued on in this case. If those notes had been paid, the plaintiff would not have had the right to retake the chattels. The effect of retaking the chattels and then bringing an action on the notes is to get the benefit of the default and, at the same time, wipe out the default by collecting the notes, the non-payment of which constituted the default. In my judgment, the plaintiff may not take such inconsistent positions.

The contract of lease in this case reserves title in the plaintiff "until final payment in full shall have been made." If this paper is to be regarded strictly as a lease, the reservation of title is not necessary. I hold that the transaction is to be regarded as one of conditional sale.

The general rule is that. unless the contract of conditional sale expressly confers upon the seller the right to recover the balance of the purchase price after retaking the property and reselling it for a sum less than that remaining unpaid, if the seller takes possession of the property upon default of the buyer, he can not recover any portion of the unpaid purchase price. 37 A. L. R., note p. 91.

The contract further provides "in default of any of said payments, said H. G. Fischer & Company, or its agents, is hereby authorized to * * * take and remove all said goods without legal process, and may retain all payments *made* as rentals for the use of said goods." (Italics supplied.)

It will be noted that the contract does not provide that all rentals accrued are to be paid in the event of a retaking of the goods, but only that the lessor may retain "payments made." The contract, therefore, does not give to the plaintiff the right to retake the goods and also proceed to collect the unpaid notes. The plaintiff may merely retain the "payments made." The giving of the notes at the time of the making of the contract can not amount

to "payments made" within the meaning of the contract. If this were the case, all of the notes, as well as those that shall mature after the retaking of the goods as those that had matured prior to such retaking, could be treated as "payments made." By "payments made" here is meant only those notes which were actually paid prior to the retaking of the goods.

Under this interpretation of the contract, the judgment by confession was improperly entered and should be stricken out. It is accordingly so ordered.